# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES and U.S. ATTORNEY RYAN ARCHER,<br><br>Defendants. | Cause No. CV 12-00019-BLG-RFC-CSO<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Todd Horob has submitted a Complaint and motion to proceed *in forma pauperis* in the same document. *Court Docs. 1 (docketed as Motion to Proceed In Forma Pauperis), 2 (docketed as Lodged Complaint).*

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Horob's motion to proceed *in forma pauperis* indicates he is paid $2.00 a month by the B.O.P. and any money sent in to his account is a "charitable issue and is used for survival." *Court Doc. 1, p. 2.* Although

this is an insufficient showing for a motion to proceed *in forma pauperis*, the Court concludes that it will not require Horob to refile his *in forma pauperis* motion but rather, for efficiency, will grant the motion and proceed to review Horob's Complaint.

28 U.S.C. § 1915(b)(1) requires Horob to pay the statutory filing fee for this action of $350.00. The Court will assume Horob has insufficient funds to pay an initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Horob will be directed to forward payments from Horob's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Horob's argument that he is not a prisoner and is therefore exempt from the requirements of 28 U.S.C. § 1915(b) has no merit. Unless and until his conviction is reversed, Horob is a prisoner and monthly payments must be collected until the filing fee is paid.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-12-19-BLG-RFC-CSO / PAGE 2 OF 14

## II. STATEMENT OF CASE

### A. Parties

Horob is a federal prisoner proceeding without counsel. The named Defendants are the United States and United States Attorney Ryan Archer.

### B. Allegations

Mr. Horob alleges the United States of America and United States Attorney Ryan Archer altered and fabricated court records, used false documents, false testimony, and false witnesses against him in his criminal trial. (*District Court Case Number CR-08-93-BLG-RFC*) (*currently on appeal to Ninth Circuit (Case Number 11-30119)*. Horob again alleges that Judge Cebull "re-edited" his testimony. *Court Doc. 2 at 2*. He contends that the "prosecutor, court reporter, counsel, Judge have conspired to prevent an expert witness to testify about the court record." *Id.* Horob contends he has the right to be released from custody because the false testimony led to a false conviction. *Id. at 4*.

Horob asks that Mr. Archer be punished under Title 18 for fraud, that he be required to pay Horob $25,000,000.00 in damages, that he be

barred from the judicial system, and that he be put in prison for 20 years for fraud, prosecutorial misconduct, conspiracy to defraud, misleading, false statements, deceptive practices, and false witnesses. *Court Doc. 2 at 6.* Horob asks for relief against the United States in the form of a federal tort claim for $25,000,000.00. *Court Doc. 2 at 6.*

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

Because Horob is a prisoner proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a *pro se* prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551, U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants

unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## B. Analysis

Horob has, in prior actions, repeatedly raised the same allegations as are raised in this action and all such actions have been previously dismissed. As with his prior cases, Horob's Complaint herein is frivolous and should be dismissed.

Horob continues his attempts to attack his criminal conviction by filing civil lawsuits against the individuals and entities involved in his criminal conviction. This he cannot do. "[A] civil action under the Federal Tort Claims Act for . . . wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody." *Erlin v. U.S.*, 364 F.3d 1127, 1133 (9th Cir. 2004). Similarly, any claims brought against any federal official pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) are barred unless Horob

can establish that his conviction or sentence has been previously invalidated. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996)(the rationale of *Heck v. Humphrey*, 512 U.S. 477 (1994) applies to *Bivens* actions).

Moreover, as set forth in the Court's Order of June 1, 2011, in Civil Action 11-CV-00055-BLG-DWM (in Court Doc. 5 at 8-11), Horob's claims regarding an altered transcript have been addressed in his criminal case and thus are barred by collateral estoppel. That case was summarily affirmed by the Ninth Circuit on February 17, 2012.

Horob also names United States Attorney Ryan Archer, the prosecutor in Horob's criminal case, as a defendant. Prosecutors are entitled to absolute immunity when they act within their authority. The focus is on the nature or function of the prosecutor's activity. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986); *see also Kalina v. Flectcher*, 522 U.S. 118, 123-24 (1997).

Horob contends that the Supreme Court has held that a prosecutor like Mr. Archer would not have immunity citing *Kalina*, *Beard v. Udall*, 648 F.2d 1264 (9th Cir. 1981) and *Ashelman v. Pope*,

769 F.2d 1360 (9th Cir. 1985). Horob is incorrect.

In *Kalina*, the United States Supreme Court held that a prosecutor had absolute immunity for the preparation of and filing of charging documents but not for executing a certification for a determination of probable cause. Horob's allegations against Mr. Archer all arise from actions taken while serving as an advocate in judicial proceedings, acts covered by the prosecutorial immunity. *Kalina*, 522 U.S. at 125.

The *Beard* and *Ashelman* cases cited by Horob were both overruled by *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986). The new *Ashelman* case held that even an alleged conspiracy between the judge and prosecutor to determine the outcome of judicial proceedings, while clearly improper, does not pierce the absolute immunity extended to judges and prosecutors. *Ashelman*, 793 F.2d at 1078.

Horob's allegations against Mr. Archer all arise from his function as an advocate for the United States in the prosecution of Horob. Mr. Archer is entitled to prosecutorial immunity.

## IV. CONCLUSION

Horob's claims are barred by prosecutorial immunity, the *Heck* doctrine as applied to Horob's Federal Tort Claims and *Bivens* claims, and collateral estoppel. These are not defects which could be cured by amendment. Accordingly, the Complaint should be dismissed with prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing *in forma pauperis* civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Whether a complaint dismissed pursuant to *Heck* constitutes a strike is an undecided question in the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). Nonetheless, as with his prior filings, this dismissal constitutes a strike based upon Horob's malicious filings. The Ninth Circuit has advised that when assessing whether a case qualifies as a "strike" pursuant to section 1915(g), the terms "frivolous" and "malicious" must be defined by

looking to their "ordinary, contemporary, [and] common meanings." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). This dismissal will be designated as a "strike" under this provision because Horob's case is malicious. Duplicative or repetitious litigation of the same causes of action brought by prisoners proceeding *in forma pauperis* is subject to dismissal under 28 U.S.C. § 1915(e) as malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Similarly, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. Horob's claims are duplicative and have previously been dismissed. See Criminal Action No. 08-CR-00093-BLG-RFC and Civil Action Nos. 10-CV-00037-BLG-RFC, 11-CV-00055-BLG-DWM, and 11-CV-00066-BLG-DWM. As such, this Complaint constitutes a malicious filing qualifying as Horob's third strike.

**B. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in

> the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous because it fails to present arguable substance in law or fact. The finding that

Horob's claims are frivolous is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## ORDER

1.  Horob's Motion for Leave to Proceed *in forma pauperis Court Doc. 1* is granted.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on February 21, 2012.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Horob's Complaint (*Court Doc. 2)* should be dismissed.

2.  The Clerk of Court should be directed to enter judgment pursuant to [Fed.R.Civ.P. 58](Fed.R.Civ.P. 58) and close this case.

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

Horob's Complaint is frivolous and malicious.

    4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to [Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure](#) that any appeal of this decision would not be taken in good faith.  Horob's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

    Pursuant to 28 U.S.C. § 636(b)(1), Horob may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

    If Horob files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding.  In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Horob from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of February, 2012.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge